IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3014-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| GILBERTO ZUNIGA, | ) | |
| | ) | |
| Defendant. | ) | |

 Before she will comply with my order (filing 73) to disburse the bond proceeds to the Berry & Kelley law firm, the Clerk of Court requires that Marisela Noriega consent to and direct such payment to the Berry & Kelley law firm. Despite the defendant's assignment to the law firm (filing 20), the Clerk's position is not unreasonable given the fact that Ms. Noriega evidently delivered the cash on behalf of the defendant and was issued a receipt. (See text entry dated February 9, 2005 referring to receipt number 406623.) Accordingly,

 IT IS ORDERED that the law firm of Berry & Kelley shall obtain a consent to and a direction that the bond proceeds be paid to the law firm. Said consent and direction must be executed by Marisela Noriega. The consent and direction shall be filed with the Clerk of the District Court. In the interim, the Clerk shall defer payment of the bond to any party including Ms. Noriega. If such a consent and direction is not filed within 30 days of this date, then my previous memorandum and order (filing 73) is herewith automatically vacated and the Clerk of Court may disburse the bond proceeds directly to Marisela Noriega.

September 14, 2005.    BY THE COURT:

              s/ *Richard G. Kopf*
              United States District Judge